IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| BRENTREZ JARMYKUS MCPHERSON, | |
| Plaintiff, | CIVIL ACTION NO.: 6:21-cv-34 |
| v. | |
| TIMOTHY C. WARD, et al., | |
| Defendants. | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Docs. 1, 9, 10, 15. This matter is before the Court both for a frivolity screening under 28 U.S.C. § 1915A and for several of Plaintiff's Motions. For the reasons stated below, the Court **DENIES as moot** Plaintiff's Motion to Amend, doc. 15, and **DENIES** Plaintiff's Motion for Judicial Assistance, doc. 16. Docs. 15, 16. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for the Court's Protection, doc. 8, and **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's claims against Defendants Ward, Tooles, Shepard, Adams, MacFarland, Brown, Jarriel, Osborn, Jackson, Hartmeyer, Whitfield, Barnes, Hill, Kemp, Bernard, and Biden; and[1]

2. Plaintiff's claim of deliberate indifference to prisoner safety against Defendants Sumner and others unnamed.

However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's deliberate indifference to a medical

---

[1] Defendants Kemp, Bernard, and Biden were added by Plaintiff in his supplement to his original Complaint, which was attached to his Motion for Leave to Amend. Doc. 15. Accordingly, the Court **DIRECTS** the Clerk of Court to place Defendants Kemp, Bernard, and Biden on the docket for this case.

need claims against Defendants Sumner[2] and Epperson regarding the denial of medical treatment following a pepper spraying incident.

## PLAINTIFF'S CLAIMS[3]

Plaintiff is currently incarcerated in Smith State Prison.  Doc. 1.  Plaintiff states during his time in the H-1 segregation dormitory, the prison was inadequately staffed, which led to missed observation rounds.  Id. at 5.  Plaintiff states the H block, which houses both disciplinary and mental health segregation cells, was without attending staff on a regular basis.  Id.  On one occasion, Plaintiff and the other prisoners in the H block were left unattended for two hours and 20 minutes.  Id.  No staff was present in either the control booth or walking around to perform regular observations.  Doc. 10.

Additionally, on January 18, 2021, while the H block was inadequately staffed, an unknown prisoner stole Defendant Sumner's pepper spray from his unattended jacket.  Doc. 1 at 5.  Plaintiff states the prisoner escaped from his cell by squeezing his body through the tray flap and proceeded to spray Plaintiff with the stolen pepper spray.  Id.  Defendant Sumner and Epperson denied Plaintiff medical treatment resulting from the pepper spray incident.  Id.

## DISCUSSION

**I.     Plaintiff's Motion to Amend**

Plaintiff filed a motion requesting permission to amend his Complaint.  Doc. 15.  Under Federal Rule of Civil Procedure 15(a)(1), a party may amend his pleading once as a matter of

---

[2] Claims against Defendant Sumner were asserted by Plaintiff in his statement of a claim, but Plaintiff failed to list Defendant Sumner as a party to the action. Doc. 1 at 2–5, 7. The Clerk of Court is **DIRECTED** to place Defendant Lieutenant Sumner on the docket for this case.

[3] All allegations set forth here are taken from Plaintiff's Complaint. Docs. 1, 15. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Recognized pleadings are listed in Federal Rule of Civil Procedure 7(a) as a complaint, an answer, a reply to a counterclaim denominated as such, an answer to a cross-claim, a third-party complaint, and a third-party answer.

Plaintiff submitted his first Complaint on April 30, 2021, then requested leave to amend on June 11, 2021. Docs. 1, 15. This Court had not yet conducted a frivolity review at the time and, therefore, had not yet effectuated service on the named Defendants. Plaintiff did not need to request leave to amend in this instance and is allowed to amend his Complaint as a matter of course. Accordingly, I **DENY as moot** Plaintiff's Motion to Amend and consider the additional causes of action in Plaintiff's filing as part of his Complaint.

## II. Plaintiff's Motion for Judicial Assistance

In his Motion for Judicial Assistance, Plaintiff asks the Court to assist him with identifying "all of defendants' full names." Doc. 16. Plaintiff cites to cases suggesting the court should assist a plaintiff where there are barriers to determining the identities of unnamed defendants. However, the cases Plaintiff cites are not controlling authority in this Court. More importantly, at this stage in the proceedings, Plaintiff's request for assistance is premature and unnecessary. Plaintiff has identified a handful of Defendants by a generic first name and actual surname. See Doc. 1 (identifying "John Doe (Shepard)," "John Doe (MacFarland)," "John Doe (Brown)," "John Doe (Hill)"). Presumably, Plaintiff seeks assistance in identifying the first names of these Defendants. As explained below, Plaintiff has failed to state a claim against these individuals, and, as a result, the claims should be dismissed, regardless of Plaintiff's inability to

provide their first names.  Indeed, the claims against these individuals fail because Plaintiff has not alleged sufficient facts concerning these individuals.  Thus, it is unnecessary for the Court to consider Plaintiff's request for identifying the full names of these individuals at this time.[4]  For these reasons, Plaintiff's Motion for Judicial Assistance is **DENIED**.

### III.     Plaintiff's Motion for Court Protection

Plaintiff filed a Motion for the Court's Protection, which the Court construes as a motion for preliminary injunction.  Doc. 8.  However, because the request for preliminary injunction deals with a matter outside of the existing suit, the motion should be denied.  "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."  Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Head v. Gammage, CV 316-039, 2018 WL 1920171, at *2 (S.D. Ga. Apr. 24, 2018) (denying plaintiff's request for injunctive relief because the relief seeking computer access was essentially an access to courts claim, whereas plaintiff sued defendants for failure to protect him from a substantial risk of serious harm), *adopted by* 2018 WL 2303726 (S.D. Ga. May 21, 2018); Griego v. Inch, No. 3:17cv66, 2019 WL 2093245, at *2 (N.D. Fla. Apr. 1, 2019) (explaining the relief sought in a preliminary injunction motion should be closely related to the conduct complained of in the complaint).  Additionally, the persons from whom the injunctive relief is sought must be parties to the underlying action.  Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1304 (11th Cir. 2012).

---

[4]     Notably, the cases Plaintiff cites involve courts improperly dismissing pro se plaintiffs' claims for failure to identify a defendant in circumstances where the court should have permitted discovery into the identities of the defendants or the court should have conducted its own inquiry into the defendants' identities.  No such circumstances are present here.

4

Plaintiff's existing Complaint focuses on alleged deliberate indifference to a medical issue and safety related to staffing levels in a prison dorm and a single incident in which an unknown prisoner stole pepper spray and attacked him. Doc. 1. At 7. Plaintiff's request for preliminary injunction, on the other hand, revolves around threats to his life from STG gang members and a fellow prisoner, unrelated to the conduct complained of in the Complaint except conclusory speculation about Defendant Adams' involvement in the threats. Doc. 8 at 1–2. I, therefore, **RECOMMEND** the Court **DENY** Plaintiff's Motion for the Court's Protection.

### IV.   Frivolity Review of Plaintiff's Complaint

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding in forma pauperis. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a

complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

### A. Plaintiff's Claims Against Defendants Ward, Tooles, Shepard, Adams, MacFarland, Brown, Jarriel, Osborn, Jackson, Hartmeyer, Whitfield, Barnes, Hill, Kemp, Bernard, and Biden

The Eleventh Circuit has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Defendants Ward, Tooles, Shepard, Adams, MacFarland, Brown, Jarriel, Osborn, Jackson, Hartmeyer, Whitfield, and Barnes are identified in Plaintiff's Complaint, but Plaintiff fails to state how these Defendants were involved in his claims.  Doc. 1 at 2–5.  Additionally, Plaintiff added Defendants Kemp, Bernard, and Biden in his supplemental Complaint.  See Doc. 15.  Plaintiff also fails to describe how these individuals are connected to any constitutional violation that occurred to him at Smith State Prison.  Id.  Accordingly, I **RECOMMEND** the Court **DISMISS** claims against Defendants Ward, Tooles, Shepard, Adams, MacFarland, Brown, Jarriel, Osborn, Jackson, Hartmeyer, Whitfield, Barnes, Hill, Kemp, Bernard, and Biden.

### B. Deliberate Indifference to Prisoner Safety

Plaintiff claims unspecified prison officials were deliberately indifferent to segregated prisoners' safety by inadequately supervising the H block.  Doc. 1 at 4.  Furthermore, Plaintiff argues one officer in particular, Defendant Sumner, was deliberately indifferent when he left his jacket, with pepper spray in it, unattended on H block.  Id. at 5.  A different prisoner, after escaping his cell through its tray flap, was then able to take the pepper spray and use it against the Plaintiff.  Id.  While the Eighth Amendment "imposes a duty on prison officials to take

6

reasonable measure to guarantee the safety of inmates" including when safety is threatened by another inmate, Plaintiff must be able to show (1) a substantial risk of serious harm and (2) the defendant's deliberate indifference to that risk.  Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).  The first element is an objective standard which requires the plaintiff to show conditions "were extreme and posed an unreasonable risk of serious injury to his future health or safety.  Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019).  The second element has two components, objective and subjective.  Id.  The plaintiff must be able to show the defendant "actually subjectively knew that an inmate faced a substantial risk of harm" and the defendant "disregarded that known risk by failing to respond to it in an objectively reasonable manner."  Id.

Plaintiff argues unnamed Defendants should have been aware of the dangers which could arise if a small prisoner would be able to squeeze out of their cells via the tray flaps in the door, as such a risk was "obvious."  Doc. 1 at 7.  However, this argument is unpersuasive.  "A plaintiff must show more than a generalized awareness of risk" for a deliberate indifference claim based on a general lack of safety.  See Marbury, 936 F.3d at 1234.  Plaintiff does not suggest prisoner-on-prisoner violence was a regular occurrence in the segregation cells, nor does he allege prisoners slipping out of their cells in this manner had happened before.  Plaintiff fails to allege prison officials would know someone could manage to slip through a tray flap door and cause harm to another inmate.

As for the claims against Defendant Sumner, Plaintiff similarly fails to allege Defendant Sumner knew inmates faced a substantial risk of harm.  In his Complaint, Plaintiff describes a single incident in which a prisoner slipped out of his cell and stole pepper spray from Defendant Sumner's unattended jacket.  Doc. 1 at 7.  Nothing in Plaintiff's allegations suggests any

Defendant, including Defendant Sumner, knew about or disregarded a substantial risk to safety. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim of deliberate indifference to prisoner safety against Defendants Sumner and others unnamed.

## CONCLUSION

For the reasons set forth above, I **DENY** both Plaintiff's Motion to Amend and Plaintiff's Motion for Judicial Assistance. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for the Court's Protection and **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's claims against Defendants Ward, Tooles, Shepard, MacFarland, Adams, Brown, Jarriel, Osborn, Jackson, Hartmeyer, Whitfield, Barnes, Hill, Kemp, Bernard, and Biden; and

2. Plaintiff's claim of deliberate indifference to prisoner safety against Defendants Sumner and others unnamed.

However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's deliberate indifference to a medical need claims against Defendants Sumner and Epperson regarding the denial of medical treatment following a pepper spraying incident.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of December, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA